IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITY OF CHICAGO,<br>an Illinois municipal corporation,<br><br>Plaintiff,<br><br>v.<br><br>SEAWAY MARINE TRANSPORT,<br>an Ontario general partnership, *in personam*,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  No. 10 C 633<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **OPINION AND ORDER**

On July 21, 2008, at approximately 21:10, the *M/V ALGOWOOD*, a 740-foot Great Lakes self-unloader, was traveling down river on the Calumet River in Chicago, Illinois when its port stern allided with a part of the superstructure of the 92nd Street Bridge (the "Bridge"). At the bow and at the stern, the *ALGOWOOD* was under the assistance of two tugs, the *M/V SOUTH CAROLINA* and the *M/V COLORADO*, both owned by Great Lakes Towing Company. The vessel had a loaded a cargo of 29,000 short tons of petroleum coke. It was bound for Port Cartier, Quebec.

The allision occurred within the navigable waters of this district. This court has admiralty jurisdiction over the vessels and the parties. 28 U.S.C. § 1333(1); 46 U.S.C. § 30101.

Plaintiff City of Chicago (the "City") sued the vessels and various parties including defendant Seaway Marine Transport ("SMT"), whom the parties agree is responsible to the City in this case. By agreement, SMT remains as the sole defendant. The City's complaint for damages to the Bridge raises one count for negligence and one based on *res ipsa loquitur*. The City has moved to dismiss the third count based on a municipal ordinance. SMT has counterclaimed for damages for the costs of detention of the *ALGOWOOD* during repairs to its hull. SMT claims that the allision would not have resulted in hull damage if the Bridge had been in proper condition. SMT claims that the City was negligent in the construction and maintenance of the Bridge. It also alleges that the City's negligence was the sole or superseding cause of the damages sustained by SMT and the City.

The case is before the court on the parties' cross-motions for summary judgment.

A vessel that allides with a fixed object is presumptively at fault for damages. *The Oregon*, 158 U.S. 186, 192-93, 197 (1895); *City of Chicago v. M/V Morgan*, 375 F.3d 563, 571-72 (7th Cir. 2004). A vessel that allides with a fixed object as a result of violating a statute or regulation is also presumptively at fault for damages. *The Pennsylvania*, 86 U.S. 125, 136 (1873); *Folkstone Mar., Ltd. v. CSX Corp.*, 64 F.3d 1037, 1046-47 (7th Cir. 1995). The City contends that both rules apply in this case.

The *Oregon* rule provides three ways to overcome the presumption that a vessel is at fault for striking a fixed object: (1) the stationary object was at fault; (2) the moving vessel acted with reasonable care; or (3) the allision was the result of an inevitable accident. *M/V Morgan*, 375 F.3d at 573.

The *ALGOWOOD* was engaged in a 45-degree turn on the river at the time of the allision. The evidence is in dispute as to what caused the vessel to strike the live-load shoe of the Bridge's superstructure.

SMT points to testimony that there have been prior incidents of allisions to the Bridge; that if the Bridge had been constructed as originally designed, the allision in this case would not have resulted in damages; and that the City ignored advice to modify the Bridge after earlier incidents.

Without reciting the evidence in detail, it appears from the parties' presentations that it would not be proper to grant summary judgment to the plaintiff or to the defendant. The case must be tried in order to resolve the disputed facts and positions.

IT IS THEREFORE ORDERED that Count III of the Complaint is voluntarily dismissed. Plaintiff's motion for summary judgment [44] and defendant's motion for summary judgment [40] are denied. In open court on January 19, 2012 at 11:00 a.m., the parties shall submit an original and one copy of a final pretrial order in full compliance with Local Rule 16.1 and Local Rule Form 16.1.1, including proposed findings of fact and conclusions of law. A trial date will be fixed at the time of the January 19, 2012 hearing.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: DECEMBER 15, 2011